UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No.: 8:08-cr-458-VMC-TGW

JAIME BARAHONA ESTUPINAN

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Jaime Barahona Estupinan's pro se Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 193), filed on August 20, 2024. The United States of America responded on October 7, 2024. (Doc. # 207). For the reasons that follow, the Motion is denied.

## I.    **Background**

In April 2009, this Court sentenced Estupinan to serve 280 months' imprisonment after he pleaded guilty to conspiracy to possess with the intent to distribute cocaine while onboard a vessel subject to the jurisdiction of the United States. (Doc. # 70; Doc. # 76). His sentence was high because of a previous conviction for similar conduct. Indeed, before Estupinan pled guilty in this case, the United States filed an information notifying Estupinan of its intent to

1

seek a twenty-year mandatory minimum sentence because of Estupinan's 2003 conviction in the Southern District of California for a similar cocaine-smuggling voyage. (Doc. # 21 at 2). For that crime, Estupinan had received a 41-month sentence. (Id.).

Estupinan is 66 years old, and his estimated release date is September 2, 2028.[1] Now, Estupinan seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 193). The United States opposes compassionate release. (Doc. # 207). The Motion is ripe for review.

## II.  **Discussion**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

Here, assuming Estupinan has exhausted his administrative remedies, Estupinan appears to base his argument on the "other reasons" catchall provision. He highlights his age (66 years old), his rehabilitation, his eventual deportation after his sentence is served, and the "harsh conditions of confinement under the BOP's effort to control and contain the spread of COVID-19." (Doc. # 193 at 4-5).

3

The Court is not persuaded by Estupinan's argument. None of his circumstances, separately or combined, establish an extraordinary and compelling reason for early release. His argument about past conditions in his prison during the height of the Covid-19 pandemic does not qualify as an extraordinary and compelling circumstance under U.S.S.G. 1B1.13(b)(1)(D) or the catchall provision. The United States correctly points out that Estupinan does not "articulate any specific policy changes at his correctional facility during the pandemic, much less claim that the pandemic uniquely impacted his experience at his correctional facility." (Doc. # 207 at 5-6). Nor does he allege that he has particular risk factors that the Covid-19 pandemic supposedly exacerbated. Thus, Estupinan has not established an extraordinary and compelling circumstance based on the prior conditions in his facility. See United States v. Zambrano, No. 8:18-cr-56-VMC-CPT, 2024 WL 3690854, at *2 (M.D. Fla. Aug. 7, 2024) (denying motion for compassionate release and finding that Zambrano's "argument about past conditions in his prison during the height of the Covid-19 pandemic does not qualify as an extraordinary and compelling circumstance").

As for age, Estupinan is under seventy and he fails to show that he has any age-related conditions that prevent him

from taking care of himself adequately in prison. Next, while he argues that he has made a "substantial effort at rehabilitation" (Doc. # 193 at 12), Estupinan has not shown that he made any extraordinary efforts to rehabilitate himself. Nor is the Court convinced that Estupinan should be released from prison early because he is ineligible for good time credits due to his deportable status or because he will be deported after his sentence. In short, Estupinan has not met his burden of establishing an extraordinary and compelling reason for compassionate release.

Finally, even if Estupinan had established an extraordinary and compelling reason, the Motion would still be denied. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public and reflects the seriousness of the crime.

The Section 3553(a) factors weigh against compassionate release here. In this case, Estupinan was responsible for smuggling approximately 740 kilograms of cocaine in international waters — a serious crime deserving of a

significant prison sentence. (Doc. # 207 at 1-2). This crime was even more serious because it was not Estupinan's first. Estupinan had engaged in the same type of cocaine-smuggling years before, for which he had received a lenient sentence of less than four years' imprisonment. (Doc. # 21 at 2). Thus, Estupinan's heavy sentence of 280 months' imprisonment in this case is necessary to provide just punishment and deter future crimes. Releasing Estupinan before he has served his entire sentence would not reflect the seriousness of his crime, would not deter future crimes of this nature, and would undermine respect for the law.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Jaime Barahona Estupinan's pro se Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 193) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of October, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE